```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

COBBLER NEVADA, LLC,

    Plaintiff,

v.                                   Case No. 8:15-cv-2652-T-33AEP

JACOB WOODARD, a/k/a JOHN OR
JANE DOE subscriber assigned
IP Address 65.35.122.246,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on Cobbler Nevada LLC's Motion for Default Judgment against Jacob Woodard (Doc. # 21) filed on April 28, 2016. The Court held a hearing on June 2, 2016, and for the reasons stated herein as well as at the hearing, this Court grants Plaintiff's Motion for Default Judgment and request for a permanent injunction, and awards $15,000 in statutory damages, $2,895 in attorneys' fees, and $487 in costs.

**I.**   **Factual History**

Cobbler Nevada holds the copyright to the motion picture The Cobbler under registration number Pau 3-744-688. (Doc. # 2-3 at ¶ 1; Doc. # 13 at ¶ 1). Cobbler Nevada, through a private investigator and geolocation technology, determined

The Cobbler was improperly downloaded and made available online by a BitTorrent user in this district. (Doc. # 13 at ¶¶ 4, 10). BitTorrent is a peer-to-peer communications protocol through which users may download and share files online. (Id. at ¶¶ 6-7). Users download files, such as music or movies, in portions and by doing so copies of those portions become automatically available to download by other BitTorrent users. (Id. at ¶¶ 13-14).

Cobbler Nevada filed its Complaint on November 12, 2015, alleging the subscriber assigned IP Address 65.35.122.246 violated 17 U.S.C. § 501 and 17 U.S.C. §§ 106(1) and (3) by reproducing and distributing illicit copies of The Cobbler using BitTorrent. (Doc. # 1 at ¶¶ 6, 30). Cobbler Nevada subsequently subpoenaed Bright House Networks and learned Woodard is the account holder of the infringing IP address. (Doc. # 13 at ¶ 20). Thereafter, Cobbler Nevada filed an Amended Complaint. (Id.).

II. **Procedural History**

Woodard was served with a Summons and an Amended Complaint on March 5, 2016. (Doc. # 15) Woodard failed to file a timely response by March 28, 2016. See Fed. R. Civ. P. 12(a)(1)(A); (Doc. # 16). Upon Cobbler Nevada's application, the Clerk entered a default against Woodard pursuant to Rule

2

55(a) on April 5, 2016. Fed. R. Civ. P. 55(a); (Doc. ## 17, 18 at ¶ 1). Cobbler Nevada now moves for a default judgment to be entered by this Court under Rule 55(b)(2).

Cobbler Nevada requests a permanent injunction enjoining Woodard from directly or indirectly infringing on its rights under the copyright. (Doc. # 13 at ¶ 38). Specifically, Cobbler Nevada requests Woodard be barred from "using the internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution except pursuant to lawful license or with express authority of plaintiff." (Doc. # 21 at ¶ 6). Additionally, Cobbler Nevada requests an order obliging Woodard to "destroy all copies of Plaintiff's Motion Picture that the defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization" and "destroy all copies of the downloaded Motion Picture transferred onto any physical medium or device in Defendant's possession, custody, or control." (Id.). Cobbler Nevada also requests statutory damages in the amount of $150,000 pursuant to 17 U.S.C. § 504, $2,895 in attorneys' fees ($1,930 requested in the Amended Complaint and an additional $965 requested at the June 2, 2016, hearing), and costs of $487 pursuant to 17 U.S.C. § 505. (Doc. # 21-1 at ¶ 8).

### III. Legal Standard

District courts may enter default judgments against defendants who fail to plead or otherwise defend actions brought against them. Fed. R. Civ. P. 55(a); ABS-SOS Plus Partners Ltd. v. Vein Assocs. of Am., Inc., No. 6:08-cv-1409-Orl-31DAB, 2008 WL 5191701, at *1 (M.D. Fla. Dec. 10, 2008) (citing DirectTV v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003)).

For a judgment of default to be entered, Cobbler Nevada must allege sufficient facts to support a finding of Woodard's liability. While factual allegations are taken as true in issuing a default judgment, legal conclusions are not. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005) ("[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit . . . conclusions of law"). For a default judgment to be entered, the plaintiff must state sufficient facts that, if taken to be true, support a finding of defendant's liability. Id. A court must "examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment." Nike, Inc. v. Austin, No. 6:09-cv-796-Orl-28KRS, 2009 WL 3535500, at *1 (M.D. Fla. Oct. 28, 2009). The standard used to determine the

sufficiency of the factual allegations pled is "akin to that necessary to survive a motion to dismiss for failure to state a claim." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam). To survive a motion to dismiss, the plaintiff's complaint must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). For default judgment to be issued, the facially-plausible facts alleged in the complaint must satisfy all the elements of the offenses charged.

"Once liability is established, the court turns to the issue of relief." Enpat, Inc. v. Budnic, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Id. (citing Fed. R. Civ. P. 55(b)(2)).

**IV. Liability**

Cobbler Nevada alleges Woodard (1) directly infringed on its copyright by using BitTorrent to unlawfully reproduce and distribute copies of The Cobbler, and by so doing, (2)

5

contributed to additional copyright infringement by third parties. (Doc. # 13 at ¶¶ 34, 40, 41).

**A.   Direct Copyright Infringement**

Direct copyright infringement requires two elements be satisfied "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).

To satisfy the first element, "a plaintiff must prove that the work . . . is original and that the plaintiff complied with applicable statutory formalities." Bateman v. Mnemonics, Inc., 79 F.3d 1532, 1541 (11th Cir. 1995) (quoting Lotus Dev. Corp. v. Borland Int'l, Inc., 49 F.3d 807, 813 (1st Cir. 1995)). "[A] certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). Once a prima facie case is made, "the burden shifts to the defendant to demonstrate why the claim should be invalid." Bateman, 79 F.3d at 1541. Cobbler Nevada submitted a copy of the registration dated 2014 (Doc. # 2-3 at ¶ 1), thereby making a prima facie case of valid ownership.

Woodard failed to rebut this presumption, thus the first element is satisfied.

To meet the second element, the plaintiff must show the "alleged infringer actually copied plaintiff's copyrighted material." Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1233 (11th Cir. 2010). "To qualify for copyright protection, a work must be original to the author." Feist Publ'ns, 499 U.S. at 345. "Original, as the term is used in copyright, means only that the work was independently created by the author . . . and that it possess at least some minimal degree of creativity." Id. Cobbler Nevada has alleged the portions of the work infringed are sufficiently original; and because factual allegations are taken as true for the purposes of determining liability in default, this court finds Cobbler Nevada has successfully satisfied the second element necessary to prove copyright infringement. Malibu Media, LLC v. Danford, No. 2:14-cv-511-FtM-38CM, 2015 WL 2238210, at *1 (M.D. Fla. May 12, 2015) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

### B. Contributory Copyright Infringement

Cobbler Nevada alleges Woodard's acts constitute contributory copyright infringement by making the film available online for others to directly infringe. While

contributory copyright infringement is not explicitly mentioned in 17 U.S.C. §§ 106 or 501, claims for contributory infringement may arise if one "intentionally induces or encourages" another to directly infringe on a holder's copyright. Cambridge Univ. Press v. Patton, 769 F.3d 1232, 1241 n.6 (11th Cir. 2014). Cobbler Nevada alleges Woodard's actions were intentional. (Doc. # 13 at ¶ 36). Because Woodard has not responded in this action, the Court accepts Cobbler Nevada's well-pled factual allegations as true. Cotton, 402 F.3d at 1278. Accordingly, this Court holds Woodard liable for contributory copyright infringement.

**V.   Relief Requested**

Once liability is determined, the Court must determine damages. 17 U.S.C. §§ 503-505 enumerate the types of remedies that may be awarded for violating the Copyright Act. Cobbler Nevada specifically requests statutory damages, injunctive relief, attorney's fees, and costs. (Doc. # 13 at ¶ 8(A-D)).

    **A.   Injunction**

Cobbler Nevada requests the Court issue a permanent injunction enjoining Woodard from further reproducing or copying The Cobbler and order him to destroy all copies of the motion picture currently within his possession. (Doc. # 13 at ¶ 38). Under 17 U.S.C. § 502(a), courts may grant

"temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." To issue a permanent injunction, the plaintiff must show

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay v. MercExchange, LLC, 547 U.S. 388, 391 (2007). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." Id.

This Court finds Cobbler Nevada's well-pled allegations merit injunctive relief. The Amended Complaint, taken with Woodard's default, indicates Cobbler Nevada has suffered irreparable injury. See Arista Records, Inc. v. Beker Enters. Inc., 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) ("Plaintiffs 'need not show irreparable harm, as the default against Defendants satisfies the element of success on the merits.'" (quoting Sony Music Entm't, Inc. v. Global Arts Prod., 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999))). Furthermore, monetary damages are inadequate to compensate for the infringement.

9

Compelling Woodard to reimburse Cobbler Nevada for the copies of the film improperly downloaded, copied and distributed does not protect Cobbler Nevada from contributory infringement, nor compensate for losses stemming from infringement by third parties. Bait Prods. PTY Ltd. v. Aguilar, No 8:13-cv-161-T-31DAB, 2013 WL 5653357, at *5 (M.D. Fla. Oct. 15, 2013) ("due to the possibility of future infringement of the Motion Picture by Aguilar and others, monetary damages alone are inadequate to compensate Bait Productions for any injury it has sustained or will possibly sustain in the future").

Lastly, there is no evidence a permanent injunction would be unduly burdensome on the defendant or disserve the public interest. See Malibu Media, 2015 WL 2238210, at *4 (enjoining defendant from reproducing or distributing movies improperly obtained using BitTorrent and compelling destruction of illegally downloaded films).

This Court grants Cobbler Nevada's request for a permanent injunction enjoining Woodard from infringing its copyright in The Cobbler.

  B. **Statutory Damages**

Cobbler Nevada seeks statutory damages pursuant to 17 U.S.C. § 504(c)(1), which requires the Court to award at least

$750, but not more than $30,000 in damages, as the Court considers just. If the Court finds the defendant willfully infringed on the copyright, the Court may increase the maximum damages awarded up to $150,000. 17 U.S.C. § 504(c)(2). "Willfully, in the context of section 504(c)(2), means that the defendant knows his actions constitute an infringement." Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 852 (11th Cir. 1990) (internal citations omitted). Plaintiff alleges Woodard willfully infringed on the copyright given The Cobbler is "easily discernable as a professional work" that starred well-known actors and actresses (such as Adam Sandler) and was created using professional directors and cinematographers. (Doc. # 13 at ¶ 11). Because of Woodard's default, the Court may take Cobbler Nevada's well-pled allegations regarding the defendant's willfulness as true. Malibu Media, 2015 WL 2238210, at *1; Bait Prods. PTY, 2013 WL 5653357, at *6 (inferring defaulting defendant's copyright infringement by improperly downloading and uploading a film using BitTorrent was willful based on allegations made in the complaint).

Courts possess "wide latitude in determining the amount of statutory damages within the given statutory range." UMG Recordings, Inc. v. Rogue, No. 08-21259 CIV, 2008 WL 2844022,

11

at *2 (S.D. Fla. July 23, 2008). In determining damages, a court considers the following factors:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

Rolex Watch U.S.A., Inc. v. Lynch, No. 2:12-cv-542-FtM-38UAM, 2013 WL 2897939, at *5 (M.D. Fla. June 12, 2013).

Neither party has provided the Court with information regarding expenses saved and profits reaped from Woodard's infringement, the revenues lost by Cobbler Nevada, or the value of the copyright. Additionally, Woodard's default precludes him from cooperating by providing records of the value of the infringing material. Therefore, factors 1, 2, 3, and 6 merit no further consideration.

However, factors 4, 5, and 7 weigh in favor of increasing damages above the $750 minimum. Given the widespread practice of illegally downloading movies online, it is likely others besides Woodard will download The Cobbler. Accordingly, damages should be sufficiently high to deter third-party infringement. See Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC, 554 F. Supp. 2d 1303, 1306 (M.D. Fla. 2008) (awarding

$31,000 in statutory damages for each copyright infringed). Statutory damages may be calculated to deter future unlawful conduct. See St. Luke's Cataract & Laser Inst., P.A. v. Sanderson, 573 F.3d 1186, 1205 (11th Cir. 2009) (in calculating damages for willful infringement "deterrence of future violations is a legitimate consideration") (internal citations omitted). Additionally, Cobbler Nevada alleges Woodard willfully infringed on the copyright (Doc. # 13 at ¶ 11), which may be accepted as true due to Woodard's default. See Bait Prods. PTY Ltd. v. Murray, No. 8:13-cv-0169-T-33AEP, 2013 WL 4506408, at *6 (M.D. Fla. 2013)).

After weighing the applicable factors, this court finds statutory damages of $15,000 is appropriate and is awarded against Woodard in favor of Cobbler Nevada. Id. (awarding $25,000 in statutory damages for using BitTorrent to infringe on a motion picture copyright).

### C. **Attorneys' Fees**

Under 17 U.S.C. § 505, the Court, in its discretion, may award reasonable attorneys' fees and the costs incurred in litigating the case. Cobbler Nevada seeks $1,930 in attorneys' fees for a total of 8.4 hours of work by two attorneys: 8.2 hours by Catharine Yant at a rate of $225 an hour, and .2 hours by Richard Fee at $425 an hour. (Doc. # 21-1 at ¶ 8).

13

At the June 2, 2016, hearing, Cobbler Nevada also requested $965 in fees for work performed after the Amended Complaint was filed, but before damages were awarded. This brings the total amount of attorneys' fees requested to $2,895.

"In copyright cases, although attorneys' fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely." Arista Records, 298 F. Supp. 2d at 1316 (citing Micromanipulator Co. v. Bough, 779 F.2d 255 (5th Cir. 1984)). Under the lodestar method attorneys' fees are calculated by multiplying "the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citation omitted). A reasonable hourly rate "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). The Court finds the hours worked and fees requested facially reasonable and therefore awards $2,895 in attorneys' fees to Cobbler Nevada.

    C.   **Costs**

Cobbler Nevada requests $487 for costs incurred in bringing this litigation: $400 for the filing fee, $30 in

subpoenaing information from Bright House Networks, LLC, and $57 for personally serving process on Woodard. (Doc. # 21-1 at ¶¶ 8-9). 17 U.S.C. § 505 allows for the "recovery of full costs by or against any party other than the United States or an officer thereof." "Costs" are explicitly enumerated under 28 U.S.C. § 1920, and encompass all expenses sought by Cobbler Nevada in this case.

The fee for filing the action is recoverable, and therefore is awarded to Cobbler Nevada. See Countryman Nevada LLC v. Adams, No. 6:14-cv-491-Orl-18GJK, 2015 WL 574395, at *9 (M.D. Fla. Feb. 11, 2015) (court awarding $400 filing fee in copyright infringement suit as costs under 17 U.S.C. § 505); Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp., No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 2012) (holding filing fees fall within "fees of the clerk and marshal" listed in 28 U.S.C. § 1920(1)). The fee for subpoenaing Bright House Networks is also recoverable. See 28 U.S.C. § 1920(4); Countryman Nevada LLC, 2015 WL 574395, at *9 (awarding $30 for subpoenaing Bright House Networks to determine defendant's identity). Additionally, "[p]rivate process server fees may be taxed pursuant to 28 U.S.C. §§ 1920(1) and 1921 so long as they do not exceed the statutory fees authorized in § 1921." Access for the Disabled,

15

Inc. v. Mo. Mart, Inc., No. 8:05-cv-392-T-23MSS, 2006 WL 5432711, at *4 (M.D. Fla. Dec. 7, 2006) (internal quotation marks omitted). The statutorily authorized fee for personal service of process is "$65 per hour (or portion thereof) for each item served." 28 C.F.R. § 0.114. As Cobbler Nevada requests a reasonable fee under the amount statutorily prescribed, the Court awards the requested fee for personal service of process to the Plaintiff.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Cobbler Nevada's Motion for Default judgment (Doc. # 21) is **GRANTED**. The Clerk is directed to enter default judgment against Jacob Woodard, residing at 4008 99th Street West Bradenton, FL 34210, in favor of Cobbler Nevada.

(2) Cobbler Nevada's request for permanent injunction agaisnt Jacob Woodard is **GRANTED**. Woodard is enjoined from directly or indirectly infringing on Cobbler Nevada's rights in the motion picture The Cobbler. This encompasses using the internet to reproduce or copy, distribute, or to make The Cobbler available for distribution to the public absent lawful license or express permission by Cobbler Nevada.

Woodard shall destroy all illegally obtained copies of The Cobbler within his possession, custody or control.

(3)   The Court **AWARDS** statutory damages in the amount of $15,000 to Cobbler Nevada.

(4)   The Court **AWARDS** attorneys' fees in the amount of $2,895 to Cobbler Nevada.

(5)   The Court **AWARDS** costs in the amount of $487 to Cobbler Nevada.

(6)   Once default judgment has been entered, the Clerk shall close this case.

**DONE** and **ORDERED,** in Chambers in Tampa, Florida, this 3rd day of June, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE